**UNITED STATES COURT OF APPEALS**
**FIFTH CIRCUIT**

—————————

95-60384

—————————

LARRY SMITH,

                plaintiff-appellant

v.

FLAGSTAR ENTERPRISES, INC.,
D/B/A/ HARDEE'S,

           defendant-appellee

—————————————————————————

Appeal from the United States District Court
for Northern Mississippi, Eastern Division

—————————————————————————

April 18, 1996

Before Judges WIENER, PARKER, and DENNIS, Circuit Judges.

PER CURIAM[*]

This diversity action involves Larry Smiths claims of negligence and gross negligence against Hardee's restaurant in Columbus, Mississippi, for burns he suffered when a large cup of hot coffee was spilled in his lap by the cashier at the drive-through window. A jury awarded Smith $25,000 in compensatory damages and $1.00 in punitive damages. We affirm.

On appeal, Smith claims the district court abused its discretion by not awarding him attorney's fees based on the jury award of punitive damages, that the court erred by allowing Hardee's to cross-examine him about non-payment of income tax based on information contained in a log book Smith used to justify his claim for damages, that the district court erred by not allowing prior incident reports of coffee spills at Hardee's into evidence, and that both damages awards were inadequate. In addition there was a question of whether Smith's appeal was timely filed and thus, whether this Court has jurisdiction to hear this appeal.

———————————————

[*] Pursuant to Local Rule 47.5, the court has determined that this opinion should not be published and is not precedent except under the limited circumstances set forth in Local Rule 47.5.4.

The record reflects that Smith timely filed a Motion for New Trial pursuant to Fed. R. Civ P. 59. Then, pursuant to FRAP 4(a)(4)(E), the record shows that Smith's appeal was properly filed by the thirtieth day after the date of filing of the district court's final order denying Smith's motion for a new trial. Therefore, jurisdiction is proper.

Further review of the record shows the district court properly exercised its discretion to deny attorney's fees. In view of the minimum amount of punitive damages awarded to Smith by the jury, we find the district court's denial of attorney's fees is not an abuse of its discretion. Also we find no error in the district court's decision not to admit into evidence other incidents of coffee spills at Hardee's restaurants as none of the spills occurred at the Columbia location. Finally, the standard for this Court's review of a jury verdict is whether the record contains any competent and substantial evidence fairly tending to support the verdict. *Stewart v. Thigpen*, 730 F.2d 1002, 1007 (5th Cir.1984). The record in this case does not offer evidence that compels a different verdict. The jury was presented with ample testimony as to the nature and extent of Smith's injuries and the expenses incurred by Smith to hire replacement workers during his convalescence. Furthermore, the jury reached its determination of punitive damages only after receiving detailed jury instructions specifically describing the criteria necessary for the jury to award Smith punitive damages. In both the awards of compensatory damages and punitive damages, we find there to be competent and substantial evidence to support the verdict. Accordingly, we affirm the decision of the district court.